Stephen R. DIEHL, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.

No. 27606

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1970.

Stephen R. Diehl, pro se.

Richard L. Brown, Jacksonville, Fla. (court-appointed), for plaintiff-appellant.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Horace A. Knowlton, III, Asst. Atty. Gen., for defendant-appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM.

■ Appellant, Diehl, brings this appeal from the summary dismissal of his complaint by the United States District Court for the Middle District of Florida. We affirm.[1]

The appellant is a prisoner in the state penitentiary in Raiford, Florida. His complaint alleges that prison administrators unconstitutionally refuse to allow him to take a college-level correspondence course, entitled "Bible Doctrine and Systematic Theology", which is offered by Gulf Coast Bible College. Diehl insists that his complaint states a cause of action for violation of his First Amendment right to "freedom of religion."

■■ We reject as frivolous appellant's contention that the First Amendment embraces the unlimited right to take correspondence courses. The prison officials' decision was simply an exercise of administrative discretion. We stated in Granville v. Hunt,[2] "[T]his Court has

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].

2. 411 F.2d 9, 12 (5th Cir. 1969).

been very chary about interfering in the internal operation and administration of prison systems, and we have done so only in exceptional cases * * *." The "exceptional cases" have generally been limited to situations where the complaint states facts indicating an abuse of administrative discretion.[3] No such facts are alleged by Diehl. In a similar case before the United States Court of Appeals, Eighth Circuit, the court correctly observed:

> The taking of a correspondence course by a prisoner, just as the control of his other actions, is subject to regulation for penal institutional purposes, and he cannot dictate either the time, the preoccupation or any other condition which he desires for the pursuit of it.[4]

The decision of the district court is affirmed.

3. Carswell v. Wainwright, 413 F.2d 1044 (5th Cir. 1969) ; Schack v. Florida, 391 F.2d 593 (5th Cir. 1968), cert. denied 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376 ; Thompson v. Blackwell, 374 F.2d 945 (5th Cir. 1967) ; Adams v. Ellis, 197 F.2d 483 (5th Cir. 1952).

4. Carey v. Settle, 351 F.2d 483, 485 (8th Cir. 1965).