**Thomas W. SHAW, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 70-H-745.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 17, 1970.

Thomas W. Shaw, pro se.

Crawford C. Martin, Atty. Gen., Robert C. Flowers and Robert Darden, Asst. Attys. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a prisoner incarcerated by the State of Texas pursuant to his conviction for murder with malice aforethought, has petitioned this Court to issue an injunction altering the conditions of his confinement. Shaw does not allege that the state conviction was constitutionally improper. The state has answered and has moved to dismiss, contending that petitioner failed to state a constitutional cause of action. The state's motion is well taken.

Petitioner does not allege which federal statute gives this Court jurisdiction. Construed broadly, the petition falls within this Court's civil rights or habeas corpus jurisdiction. 28 U.S.C. §§ 1343 and 2241, 2254.

Specifically, Shaw contends that the prison administrators violated his federal due process rights to be allowed to continue attending out of prison college courses at Lee College in Alvin, Texas. He contends that the prison administrators allowed him to attend the college for one semester, and then without explanation refused his request to reenroll for the next semester. He believes that *this* denial of educational privilege constituted a cruel and unusual punishment.

Control of prison educational programs is a matter of prison administration, and does not rise to the level of a federal claim in this instance. Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1970) (per curiam). Federal Courts have always been reluctant to interfere with a state's administration of her penal system except in cases where there has been an *extreme* breach in administrative discretion. Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969).

An extreme breach of administrative discretion is not shown solely because a prisoner's educational opportunities were encumbered. It is always unfortunate when a man's educational privileges are limited, *but* a limitation upon educational *privileges* does not constitute a denial of federal *rights. c. f.:* Rose v. Haskins, 388 F.2d 91, 95 (6th Cir. 1968); cert. denied 392 U.S. 946, 88 S. Ct. 2300, 20 L.Ed.2d 1408 (1969).

Accordingly, for the reasons stated above, it is Ordered that the petition is dismissed. The Clerk shall send petitioner and respondent copies of this Memorandum and Order.