554 P.2d 959

**Guy Donovan COOPER, Plaintiff-Appellant,**

**v.**

**STATE of Idaho, Defendant-Respondent.**

**No. 12099.**

Supreme Court of Idaho.

Sept. 28, 1976.

---

782

Guy Donovan Cooper, pro se.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., David G. High, Asst. Atty. Gen., Boise, for defendant-respondent.

PER CURIAM.

Plaintiff-appellant Guy Donovan Cooper, an inmate at the Idaho State Penitentiary (hereinafter appellant), filed on his own behalf two petitions for writs of habeas corpus with the district court. In his petitions appellant did not question the legality of his conviction or sentence, but rather attacked only the conditions of his confinement.[1] In essence both petitions alleged that appellant had been denied adequate medical care since arriving at the state penitentiary in 1972, despite his repeated requests for medical treatment. The district court without a hearing entered an order denying both petitions. It is from this order that appellant brings this appeal. We affirm.

■ In reviewing both petitions for habeas corpus, we conclude that neither petition alleges facts in support of appellant's claim which would entitle him to relief. Both petitions on their face contain admissions which disclose that despite appellant's allegations to the contrary, he has in fact received and continues to be the recipient of proper medical care. A careful reading of the petitions reveals the following: appellant has received the attention of medical technical assistants at the state penitentiary from the outset of his incarceration; that any delay in being examined by a licensed physician was a result of appellant's own reluctance (for reasons which are not set forth in either petition) to see the prison physician; that when appellant overcame this reluctance he was examined by the prison physician; that appellant is currently receiving medication (for a bronchitis condition) which he does not contend is not helping him; and that prior to the filing of his petitions appellant had the benefit of two chest x-rays and one electrocardiogram. These admissions belie appel-

1. At one time habeas corpus petitions were only entertained by courts where a prisoner challenged the legal authority for his confinement or the legality of his original conviction, and where a granting of the writ would lead to his release or a new trial. This restrictive view of the remedial nature of the writ has been modified and replaced by a more flexible attitude as to its utility. The current trend has been expanded to where courts have begun to become receptive to petitions by inmates who while admittedly confined pursuant to a valid judgment of conviction, claim that the conditions of their imprisonment violate constitutional guarantees. *See,* Goldfarb and Singer, "Redressing Prisoners' Grievances," 39 Geo.Wash.L.Rev. 175, 267 (1970); Sneidman, "Prisoners and Medical Treatment: Their Rights and Remedies," 4 Crim.L.Bull. 450 (1967); Notes and Comments, "Beyond the Ken of the Courts: A Critique of Judicial Refusal to Review the Complaints of Convicts," 72 Yale L.J. 506, 509 (1963).

lant's contention that his medical care has been inadequate.

The United States Court of Appeals for the Eighth Circuit in *Cates v. Ciccone*, 422 F.2d 926, 928 (8th Cir. 1970), stated this:

"The prisoner cannot be the ultimate judge of what medical treatment is necessary or proper for his case. [Citation omitted.] In the absence of factual allegations of obvious neglect or intentional mistreatment, the courts should place their confidence in the reports of reputable prison physicians that reasonable medical care is being rendered."

At most, appellant takes issue with the prison physician who after administering an electrocardiogram found no heart trouble to exist. A mere difference of opinion between an inmate unlearned in medicine on the one hand, and prison medical authorities on the other, as to diagnosis and treatment will not normally support a claim for habeas corpus relief. In the absence of factual allegations of obvious neglect or intentional mistreatment, this Court will not attempt to second guess a licensed physician as to the propriety of a particular course of medical treatment afforded a prisoner-patient.

Affirmed.