### Lester HAYES

v.

**Julius T. CUYLER, Superintendent, State Correctional Institution, Graterford, Pennsylvania, Anthony Posca, Guard, State Correctional Institution, Graterford, Pennsylvania, Pennsylvania State Board of Barber Examiners, and Nathan Lewis, Education Director, State Correctional Institution, Graterford, Pennsylvania.**

Civ. A. No. 79–547.

United States District Court,
E. D. Pennsylvania.

Aug. 27, 1979.

Lester Hayes, pro se.

Stanley I. Slipakoff, Asst. Atty. Gen., Michael von Moschzisker, Deputy Atty. Gen., Eastern Regional Director, Philadelphia, Pa., and Edward G. Biester, Jr., Atty. Gen., Harrisburg, Pa., for defendant.

## OPINION

JOHN MORGAN DAVIS, Senior District Judge.

This is a *pro se* civil rights action[1] brought by Lester Hayes, an inmate confined at the State Correctional Institution at Graterford, Pennsylvania. Defendants are the prison superintendent, Julius T. Cuyler; a prison guard, Anthony Posca; the education director of the prison, Nathan Lewis; and the Pennsylvania State Board of Barber Examiners. Plaintiff alleges that the willful conduct of the defendant, acting under the color of State law,[2] deprived him of rights guaranteed by the Constitution of the United States. The complainant also asserts that he has been treated differently than those similarly situated because of his status as an inmate and therefore, has been denied equal protection under the law. Hayes seeks injunctive relief, compensatory and punitive damages.

Plaintiff has requested that the Court grant him permission to proceed *in forma pauperis*. I have decided to grant that request. However, I have also decided to dismiss the complaint pursuant to 28 U.S.C. § 1915(d), as irreparably frivolous, even though an answer has already been filed by the defendants.

■ The essential elements of a claim arising under the Civil Rights Act are:

(1) [T]he conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States.

*Basista v. Wier*, 340 F.2d 74, 79 (3d Cir. 1965); *United States v. Commonwealth of Pennsylvania*, 281 F.Supp. 175, aff'd, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1969). The Court has an obligation to hold the plaintiff's *pro se* complaint to a less stringent standard than those drafted by an experienced attorney. Thus, the *pro se* complaint can only be dismissed as frivolous if plaintiff's realistic chances of success are slight. *Williams v. Field*, 394 F.2d 329 (9th Cir. 1968), cert. denied 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968); *Clark v. Zimmerman*, 394 F.Supp. 1166 (E.D.Pa.1975). It appears " ' "beyond [a reasonable] doubt that the plaintiff can prove no set of facts in support of his [federal] claim which would entitle him to relief." ' " *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ The allegations of plaintiff's complaint will be accepted as true. Hayes essentially alleges that (1) he had accumulated over 1250 barbering credit hours at Graterford, working as both a student barber and an institutional barber; (2) he had attended a prison barber school but neither the months that he spent in school nor his credit hours of barbering were ever recorded by the defendant prison official; and (3) as a direct result of the prison official's conduct, the State Board of Barber Examiners has denied him eligibility to take the state licensing examination. There is no question that Mr. Hayes has been deprived of an outstanding opportunity to pursue a lawful occupation. However, I am of the opinion, that Mr. Hayes' alleged maltreatment does not rise above a state cause of action, either in tort or for breach of contract.

■ The *pro se* complaint is fatally deficient as it fails to charge any of the defendants with conduct depriving the plaintiff of a right, privilege or immunity secured by

---

1. The action is brought under Civil Rights Act of 1871, 42 U.S.C. § 1983.

2. Jurisdiction is based on 28 U.S.C. § 1343(3).

the Constitution and laws of the United States. Notwithstanding that the defendant prison officials have no duty to provide a barbering school, tortious conduct, in and of itself, is not sufficient to establish an invasion of rights guaranteed by the Constitution. *Tucker v. Duncan*, 499 F.2d 963 (4th Cir. 1974); *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

The issue of whether a prisoner has a constitutional guarantee to a vocational opportunity is one of first impression in this Circuit. Most jurisdictions assert that the state has no Eighth Amendment obligation to provide prisoners with an opportunity to attend vocational school, *Newman v. Alabama*, 559 F.2d 283 (5th Cir. 1977); or to provide a rehabilitation program. *Id.* at 291; *French v. Heyne*, 547 F.2d 994, 1002 (7th Cir. 1976); *McCray v. Sullivan*, 509 F.2d 1332, 1335 (5th Cir.), *cert. denied*, 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d 86 (1975). In addition, rehabilitation opportunities have not been deemed to be a constitutional right, but rather a privilege. *Green v. United States*, 157 U.S.App.D.C. 40, 481 F.2d 1140 (1973); *Preston v. Ford*, 378 F.Supp. 729, 730 (E.D.Ky.1974); *United States v. Pate*, 229 F.Supp. 818, 819 (N.D.Ill. 1964); *Mercer v. United States Medical Center for Federal Prisoners*, 312 F.Supp. 1077, 1079 (W.D.Mo.1970). Denial of attendance at the prison school is among the many restrictions and limitations upon activity incidental to lawful incarceration. It is necessarily within the discretion of a prison administrator. *United States v. Pate, supra* at 819. This Court, recognizing the need for flexibility and wide latitude in dealing with the difficult task confronting prison officials, is reluctant to interfere with the internal administration of state correctional facilities. *Procunier v. Martinez*, 416 U.S. 396, 405–6, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Main Road v. Aytch*, 522 F.2d 1080 (3d Cir. 1975).

The control of prison educational programs is a matter of prison administration and does not rise to the level of a federal claim in most instances. *Shaw v. Beto*, 318 F.Supp. 1215, 1217 (S.D.Tex.1970);

*Diehl v. Wainwright*, 419 F.2d 1309 (5th Cir. 1970).

Plaintiff's equal protection claim against the State Board of Barber Examiners must also fail. There is no factual basis alleged which indicates that the Board has treated the plaintiff prisoner differently than other applicants for the state license. However, the Court notes, that while the state statute governing applications for barbering licenses, 63 P.S. § 553, does not provide for the right of administrative appeal, plaintiff does have a legal right to such an appeal, as established in the case of *Bear v. Haas*, 50 Dauph. 378 (1941).

It is unfortunate, indeed, that the plaintiff is unable to take advantage of the opportunity to gain employment as a state certified barber through the privilege of prison education. But, this limitation upon the plaintiff's *PRIVILEGE* to gain eligibility for state certification does not constitute a denial of federal *RIGHTS*. Cf. *Rose v. Haskin*, 388 F.2d 91, 95 (6th Cir. 1968), *cert. denied* 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1048 (1969). Accordingly, for the reasons stated above, It is ORDERED that the plaintiff's complaint be dismissed.