Carl ALLEN, Calvin Jordan, John Aufiero, Myron Williams, R. Ratton Hall, on behalf of class and all others similarly situated, Plaintiffs,

v.

Thomas A. COUGHLIN, Commissioner Docs; Eugene S. LeFevre, Supt., Clinton C. F., Defendants.

No. 81–CV–16.

United States District Court,
N. D. New York.

Dec. 15, 1981.

R. Ratton Hall, pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., Albany, N. Y., for defendants; David B. Roberts, Asst. Atty. Gen., Albany, N. Y., of counsel.

JAMES T. FOLEY, Senior District Judge.

MEMORANDUM–DECISION and ORDER

The complaint in this purported class action was submitted by the five named plaintiffs, when inmates of Clinton Correctional Facility, to the United States District Court for the Southern District of New York. In accord with the procedures in that Court, permission to proceed in forma pauperis was granted under 28 U.S.C. § 1915(a), and the complaint was served upon the defendants Commissioner Coughlin and Superintendent LeFevre. Upon motion of the Attorney General, the action was transferred here for proper venue by District Judge Goettel. The complaint is one of eight pages with detailed allegations setting forth six causes of action. The complaint at page 5 in "V Gravamen" lists in items "i through xviii" challenges to certain policies, rules and programs followed at Clinton in regard to the inmate population confined there of several thousand inmates. Due to the transfer of the case to this District Court, about which there could be no question because the allegations of the complaint only involved daily living at Clinton Correctional Facility, the case would not be rotated here to a judge because filing and service of the complaint had already occurred. By memorandum-decision and order dated May 5, 1981, I did file a motion of one of the plaintiffs, R. Ratton Hall, as a demand for a jury trial and the case was placed on the calendar for the November Trial Session in Albany.

At hand now for determination is a motion by the Attorney General in behalf of the two named defendants for an order removing the case from the jury calendar, denying class certification, and dismissing the action pursuant to F.R.Civ.P. 12(b). The plaintiffs, by plaintiff R. Ratton Hall, submit opposition to this motion of the At-

torney General in several forms: Notice of Motion, Traverse, and a memorandum of law. Assistant Attorney General David B. Roberts submits an affidavit in support of the motion for the defendants with reference to pertinent federal case law in support of the several contentions raised by the state motion.

The motion to dismiss shall be granted, and such grant, of course, alleviates the jury trial and class certification questions. Class certification would be inappropriate because all grievances alleged as constitutional violations can and have been for years presented in individualized complaints in this court. For one instance, *see Frazier v. Ward*, 426 F.Supp. 1354 (N.D.N.Y.1977). With due deference, it would be difficult to decide that these pro se inmates could adequately represent a putative class if one were justified.

More important is the fact that there is not a date or a name, or any specifics at all set forth in any of the eighteen allegations which only describe general policies, rules and regulations, promulgated and enforced at the Facility. Such are designed to regulate the daily lives of the numerous inmates at Clinton, and are necessary, of course, to preserve the paramount interest—the institutional security of a maximum security prison. The allegations of the complaint, from my reading are in my judgment ones that are only general and conclusory, and cannot be upheld under settled law as stating viable and valid claims under 42 U.S.C. § 1983. *Powell v. Workmen's Compensation Bd. of State of New York*, 327 F.2d 131 (2d Cir. 1964); *Albany Welfare Rights Org. Day Care Center v. Schreck*, 463 F.2d 620, 623 (2d Cir. 1972), *cert. denied*, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973).

To my mind, the principles enunciated by the United States Supreme Court for guidance in these prisoner civil rights cases should be followed and applied in the appraisal of such complaints. Given a valid conviction, the criminal defendant has been deprived of his liberty to the extent the State may confine him and subject him to the rules of the prison system, and federal courts do not sit to supervise State prisons. *Meachum v. Fano*, 427 U.S. 215, 224, 229, 96 S.Ct. 2532, 2538, 2540, 50 L.Ed.2d 155 (1976). Prison authorities should be accorded wide-ranging deference in the execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547–48, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). Recently, Justice Powell stated that the Constitution does not mandate comfortable prisons; such prisons cannot be free of discomfort, and conditions that are restrictive or harsh are part of the penalty that criminal offenders pay for offenses against society. *Rhodes v. Chapman*, —— U.S. ——, —— – ——, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59. There is no implication by this statement that I find present conditions of confinement in the New York State prisons are harsh because I have found them otherwise, particularly at Clinton, and so expressed that view based upon the testimony of expert and eminent penologists who visited and inspected Clinton for the interest of prisoners. *See Frazier v. Ward, supra* at p. 1365.

There is also the contention asserted by the Attorney General that there is no personal involvement charged in the complaint against the two named defendants. The cases cited for support are *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973); *McKinnon v. Patterson*, 568 F.2d 930 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). It has been held that a prison official is only responsible for his own actions or failure to act. *Owens v. Haas*, 601 F.2d 1242, 1246 (2d Cir. 1979); *see also Black v. United States*, 534 F.2d 524, 527–28 (2d Cir. 1976); *Taylor v. Mayone*, 626 F.2d 247, 250 (2d Cir. 1980).

Being aware at all times of the liberality to be accorded to state prisoner applications in the Second Circuit, it is my firm conviction that on its face the complaint does not allege with particularity constitutional torts as is necessary in 42 U.S.C. § 1983 actions. *See Fries v. Barnes*, 618 F.2d 988 (2d Cir.

1980); *compare Granville v. Hunt*, 411 F.2d 9, 12 (5th Cir. 1969); *Diehl v. Wainwright*, 419 F.2d 1309 (5th Cir. 1970). As Circuit Judge Mulligan stated "[federal judges] are not omsbudsmen charged with the responsibility of reforming the State prison system." *Wallace v. Kern*, 520 F.2d 400, 408 (2d Cir. 1975); *see also McRedmond v. Wilson*, 533 F.2d 757, 766 (2d Cir. 1976) (Van Graafeiland, J., dissenting). The complaint in my judgment in this action seeks that kind of supervision and relief.

The motion to dismiss the complaint is granted, and the complaint is dismissed.

It is so Ordered.