**Larry L. FALLIS, Appellant (Employee–Claimant),**

v.

**LOUISIANA PACIFIC CORPORATION, Appellee (Employer–Respondent).**

No. 88–222.

Supreme Court of Wyoming.

Nov. 8, 1988.

Sky D. Phifer, Lander, for appellant.

Richard I. Leedy of Hettinger, Leedy & Vincent, Riverton, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

This appeal arises out of a worker's compensation case. Judgment was entered on June 29, 1988, and a Notice of Appeal was filed timely on July 14, 1988. Under W.R.A.P. 3.02, the record on appeal must be filed within forty days from the date of filing the notice of appeal. Under this rule, the record on appeal was due on or before September 2, 1988. The record on appeal was filed on August 19, 1988, and counsel were notified of the docketing of the case on that date. W.R.A.P. 5.06 provides that appellant's brief in a worker's compensa- tion case is due fifteen days after the filing of the record on appeal in this court. Under this rule, appellant's brief was due on or before September 5, 1988. In violation of this rule, appellant's brief was not filed until September 19, 1988.

W.R.A.P. 1.02 provides that failure to comply with the rules of appellate procedure is grounds for such action as the reviewing court deems appropriate. Under the circumstances here, we shall dismiss the appeal for want of prosecution. W.R.A.P. 5.11; and *Wiens v. American Motors Corporation*, 717 P.2d 322, 323 (Wyo.1986). Appellant may make application to the court for reinstatement in accordance with W.R.A.P. 15.

We also note that appellee's brief was filed on October 13, 1988, twenty-four days after the filing of appellant's brief. Appellee's brief in a worker's compensation case is due within fifteen days after the filing of appellant's brief. W.R.A.P. 5.06. We note this failure because W.R.A.P. 5.11 also provides that appellee may not be heard should appellant make the showing necessary for reinstatement. *Nuspl v. Nuspl*, 717 P.2d 341, 342 (Wyo.1986).