James F. KOST and Barbara F. Kost, Appellants (Plaintiffs),

v.

Honorable William R. THATCH, Justice of the Peace, Lovell, Wyoming, Appellee (Defendant).

Honorable William R. THATCH, Justice of the Peace, Lovell, Wyoming, Appellant (Defendant),

v.

James F. KOST and Barbara F. Kost, Appellees (Plaintiffs).

Nos. 88–94 & 89–95.

Supreme Court of Wyoming.

Nov. 17, 1989.

James F. Kost and Barbara F. Kost, pro se.

Randy L. Royal, Greybull, for William R. Thatch.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

This is an appeal from a summary judgment in favor of the Honorable William R. Thatch, Justice of the Peace, Lovell, Wyoming: James F. Kost[1] petitioned the district court for a peremptory writ of mandamus and an order of prohibition to compel Thatch's transmission to the district court of materials required for an appeal to that court. The district court granted summary judgment to Thatch upon a finding that Kost failed to perfect his appeal.

We affirm.

On July 6, 1988, Kost appeared before Thatch in response to a complaint filed by the First Interstate Bank of Greybull. The bank sought possession of a parcel of land occupied by Kost and his wife and a writ of restitution. Thatch rendered a judgment and issued a writ of restitution in favor of the bank.

Within ten days, Kost notified the clerk of court that he intended to appeal the decisions. The clerk informed Kost that Kost would be unable to appeal until he complied with the bond requirement of Wyo.Stat. § 1–21–1014 (1977).[2] Kost did not secure a bond, file a notice of appeal, pay the required fees, or seek an extension of the filing period. Instead, on July 12, 1988, Kost petitioned the district court for a writ of peremptory mandamus and an order of prohibition. On March 15, 1989, the district court granted summary judgment in favor of Thatch.

On appeal to this Court, Kost failed to include page references to the record in his brief. W.R.A.P. 5.01(3) requires that the appellant's brief contain "appropriate page references to the record." *See Waggoner v. General Motors Corporation,* 771 P.2d 1195 (Wyo.1989), and *V–1 Oil Company v. Ranck,* 767 P.2d 612 (Wyo.1989). If a party fails to comply with the appellate rules prescribed by this Court, we may sanction that party by dismissing the appeal. W.R. A.P. 1.02. *See also Fallis v. Louisiana Pacific Corporation,* 763 P.2d 1267 (Wyo. 1988); and *Strang Telecasting, Inc. v. Ernst,* 610 P.2d 1011 (Wyo.1980).

We have previously warned litigants that they must follow the Wyoming Rules of Appellate Procedure. *Waggoner,* 771 P.2d 1195; *V–1 Oil Company,* 767 P.2d 612. Most recently in *Jung–Leonczynska v. Steup,* 782 P.2d 578 (Wyo.1989), we cautioned yet another litigant that she must comply with W.R.A.P. 5.01(3). In that case, the Court did not dismiss the appeal, as the information germane to the appellant's issues was easily found in the short record. The absence of page references, therefore, did not hamper the review process. *Jung–Leonczynska,* 782 P.2d 578.

We will not impose the harsh sanction of dismissal in this case as it is clear from a cursory glance at the record that Kost failed to file a proper notice of appeal as mandated by W.R.A.P.C.L.J. 2.02. The filing of a proper notice of appeal is jurisdictional, and, consequently, the nonjurisdictional issues do not need to be pursued. If it had been necessary to address these issues without the aid of appropriate references to the record, this Court would have seriously considered the sanction of dismissal.

Affirmed.

---

1. We note that the caption in this case is the same as it appeared in the judgment rendered by the district court. The district court, however, concluded that Barbara F. Kost was not a party. Because our ruling under W.R.A.P.C.L.J. 2.02 is dispositive, we will not address any issues which may be derived from the caption.

2. Section 1–21–1014(b) provides for a stay, pending appeal, of forcible entry and unlawful detainer proceedings if the defendant executes and files a bond with two or more sufficient sureties.