Vincent APODACA, Appellant
(Plaintiff),

v.

Janet OMMEN, R.N. and Archie Kirsch,
M.D., Appellees (Defendants).

No. 90–137.

Supreme Court of Wyoming.

March 18, 1991.

Vincent Apodaca, pro se.

Terry L. Armitage, Asst. Atty. Gen., and Linda Burt, Legal Intern, Cheyenne, for appellee Ommen.

David E. Westling of Vlastos, Brooks & Henley, P.C., Casper, for appellee Kirsch.

Before URBIGKIT, C.J., THOMAS and GOLDEN, JJ., and ROONEY, and BROWN, Ret., JJ.

GOLDEN, Justice.

Appellant, Vincent Apodaca, appeals from orders of the district court which dismissed his complaint of medical malpractice against appellees, Archie Kirsch, M.D., a contract physician for the Wyoming State Penitentiary, and Janet Ommen, R.N., a prison employee who serves as director of the penitentiary's medical services department and who provides medical care to prisoners on a day-to-day basis.

We will affirm the district court's orders dismissing the complaint for failure to state claims upon which relief can be grant-ed. However, because the complaint was not dismissed with prejudice and because of the somewhat unusual circumstances of this case, we will not treat the dismissals as res judicata, thus, permitting Apodaca to refile a complaint if he so desires.

## PROCEEDINGS IN THE TRIAL COURT

On January 9, 1990, Apodaca filed his complaint. He alleged that he had been incarcerated in the Wyoming State Penitentiary since August 3, 1989. Before his incarceration, he was injured in an industrial accident for which he received worker's compensation temporary total disability benefits. Before his arrest and incarceration, Apodaca was being treated by Milo E. Wilcox, D.C.[1], but he had not seen Wilcox for treatment since February of 1989. The complaint identified Archie Kirsch, M.D., as a physician employed to provide medical services to inmates at the state penitentiary and Janet Ommen, R.N., as the director of the medical services department at the penitentiary. Apodaca claimed that he had submitted requests to the administrators of the penitentiary to permit him to be treated by Wilcox, but that these requests were referred to Ommen. In one paragraph of the complaint, Apodaca asserted that Kirsch and Ommen attempted to force Apodaca to be treated by Kirsch, in lieu of Wilcox. Included in Apodaca's complaint was an averment that Kirsch and Ommen have also attempted to force Apodaca to be treated by an orthopedic surgeon of their choice, again, in lieu of treatment by Wilcox. Apodaca claimed that Wilcox was familiar with his injury and course of treatment, but that Kirsch and Ommen were not. Apodaca also included this paragraph in his complaint:

> 18. For reasons unknown to plaintiff [Apodaca], the administrators of the Wyoming State Penitentiary and the Defen-

---

**1.** Both in the complaint and in Milo E. Wilcox's yellow pages advertisement, he is referred to as Dr. Milo E. Wilcox. We note that § 33–10–109 (1987 Replacement), provides:

> Chiropractors licensed under this act * * * shall have the right to practice chiropractic in accordance with the method taught in the chiropractic schools and colleges recognized by the chiropractic board of examiners of this state. The prefix "Dr." or "doctor" shall not appear on any display sign before the name of the practitioner; but shall appear in connection with the title "doctor of chiropractic." Such title shall appear in the same size type as name of practitioner.

dants herein do not want Plaintiff to be treated by Dr. Milo E. Wilcox, and these defendants are utilizing their licensure under Wyoming law as health care providers to erect a shield against civil rights liability for the Wyoming State Penitentiary administrators referred to in 13 above.[2]

Apodaca further claimed there was no legitimate reason for not allowing him to see Wilcox and that Kirsch had used his professional licensure to mask nonmedical decisions as medical and to reduce the penitentiary's expenses in providing health care to inmates, as well as to cover up and conceal liability for "lack and/or refusal of medical attention." In closing, Apodaca claimed the acts of Kirsch and Ommen constituted a deliberate and willful interference with his medical treatment and with his worker's compensation claim. Finally, Apodaca asserted that the acts and omissions of Kirsch and Ommen had caused him great pain and concomitant mental anguish and asked for compensatory, exemplary and punitive damages of $50,000 from each of them.

On February 2, 1990, citing W.R.C.P. 12(b)(6), Ommen filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. On February 5, 1990, Kirsch filed an identical motion. The district court scheduled a hearing on these motions for February 27, 1990. A brief was filed in support of Ommen's motion to dismiss on February 13, 1990. Although that brief was filed on behalf of Ommen, it made reference to the positions of both Kirsch and Ommen. Kirsch did not file a brief in support of his motion to dismiss.[3] On February 16 and 20, 1990, Apodaca filed motions: (1) for an order directing pre-hearing written argument and memoranda by Kirsch and rescheduling hearing; and, (2) to restrict argument at hearing to those issues upon which written argument has been submitted by the defendants. Apodaca also filed traverses to the motions to dismiss on February 20 and 21, 1990. On February 27, 1990, Apodaca filed a notice and motion for restraining order asserting that an accusation had been made, by penitentiary administrators as well as the counsel for Ommen, that he might have been guilty of tampering with the mails because he had possession of a document mailed by Ommen's counsel to her. Apodaca claimed Ommen and her counsel were attempting to coerce and frighten him into dropping his lawsuit.

After conducting a hearing in open court on February 27, 1990,[4] the district court entered an order on March 5, 1990, dismissing the complaint against Ommen and a second order on March 8, 1990, dismissing

---

**2.** Apodaca never identified by name any of the penitentiary administrators that he refers to in his complaint.

**3.** Reference was made in Ommen's brief to the position of Kirsch. Moreover, the wording of Rule 301, Uniform Rules for the District Courts, does not mandate a brief in all cases:

> **Rule 301. Filing of Motions.**
> Each motion filed, except motions for summary judgment, shall set out the specific point or points upon which the motion was brought, and may be accompanied by a concise brief. No answer brief is required. There will be no specific motion day. When required, hearing of motions will be set on request of counsel or by motion assignment issued by the court. Motions may be submitted on brief if desired. All motions not called up or set for hearing within 60 days after filing will automatically be denied, with 10 days then allowed for pleading.

The positions of both Ommen and Kirsch were clear, whether we give special deference to Apodaca's *pro se* status, or not. His task was to counter assertions that his complaint failed to state a claim of malpractice or any other recognizable claim. Not only was Apodaca sufficiently on notice of what it was he was called upon to do, but under circumstances such as these the district court might have *sua sponte* dismissed the complaint without Kirsch or Ommen having filed a motion. *Pugh v. Parish of St. Tammany,* 875 F.2d 436 (5th Cir.1989); 5A C. Wright and A. Miller, *Federal Practice and Procedure* § 1357, at 301 n. 3 (1990).

Of course, the most important consideration in this instance is that Apodaca did not raise a violation of Rule 301 as an issue on appeal.

**4.** The transcript of the hearing, if one was requested to be made, was not included as a part of the record on appeal by Apodaca. He did designate the transcript as a part of the record on appeal, but there was no certification that the transcript had been ordered and arrangements made to pay for it.

the complaint against Kirsch. This latter order constitutes the final order in this case. W.R.C.P. 54(b). On March 15, 1990, Apodaca filed a motion for new trial or to alter or amend the judgment pursuant to W.R.C.P. 59. As noted above, entry of final judgment occurred on March 8, 1990, and the district court did not rule on the motion or grant a continuance. Thus, by operation of W.R.C.P. 59(f), the motion was deemed denied on May 7, 1990, and notice of appeal was required to be filed not later than May, 22, 1990. W.R.A.P. 2.01. Apodaca filed his notice of appeal on May 22, 1990.

## ISSUES

Apodaca raises these issues:

1. Whether the complaint states a claim for medical malpractice, and whether the district court erred in dismissing the complaint under Rule 12(b)(6), W.R.C.P.

2. Whether the district court erred in failing to consider the Appellees' motions to dismiss under Rule 12(b)(6), W.R.C.P., as orally argued at the hearing, as motions for summary judgment under Rule 56, W.R.C.P.

3. Whether the district court erred in allowing the Appellees to orally plead affirmative defenses which had not been argued in writing, thus imposing an impermissible surprise upon the Plaintiff.

4. Whether the district court erred in holding the pro se plaintiff to the same, or higher, standards, as an attorney would have been.

In response, Kirsch poses the question of whether the trial court properly dismissed Apodaca's complaint for failure to state a claim upon which relief can be granted.

Ommen, on the other hand, who was represented by the Attorney General of Wyoming, did not address the substantive issues raised by Apodaca, but argued only that his notice of appeal was not timely filed and, thus, under this court's mandatory rule, W.R.A.P. 1.02, the supreme court is deprived of jurisdiction to consider Apodaca's appeal.[5]

## STANDARD OF REVIEW

A plaintiff is only required to give fair notice of his claim against the defendant in his complaint and motions to dismiss must be sparingly granted. Pleadings must be liberally construed in order to do justice to the parties. W.R.C.P. 8(a) and (b); *Johnson v. Aetna Casualty & Surety Co. of Hartford, Conn.*, 608 P.2d 1299, 1302 (Wyo.1980). When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the facts alleged in the complaint are admitted and the allegations must be viewed in a light most favorable to the plaintiff. *McClellan v. Tottenhoff*, 666 P.2d 408, 414 (Wyo.1983); *Moxley v. Laramie Builders, Inc.*, 600 P.2d 733, 734 (Wyo. 1979). Where a complaint is dismissed on the ground that it fails to state a claim, the order of dismissal should also inform the plaintiff of the reasons for dismissal so he can make an intelligent choice as to amending his complaint. *State Highway Commission v. Bourne*, 425 P.2d 59, 63 (Wyo. 1967).

## DISPOSITION

Because of its dispositive nature, we will address Ommen's issue first. In doing so,

5. The decision not to brief the case on the merits does not appear to have been prudent, especially when a careful reading of the applicable rules demonstrates so clearly that the notice of appeal was timely. Nonetheless, under our established precedents we can perceive no reason why Ommen should not receive the full benefit of our decision. *Kvenild v. Taylor*, 594 P.2d 972, 978 (Wyo.1979) [benefit of reversed judgment given to nonappealing party because rights of parties were so intermingled and interests of justice required such action]. In cases where appellees were not heard for one reason or another, this court has nonetheless fully disposed of the issues. *Fallis v. Louisiana Pacific Corporation*, 763 P.2d 1267, 1268 (Wyo.1988) [court indicated that if appellant could make good cause showing why his brief was filed late the court would consider his brief, but that the appellee would not be heard in any event because its brief was also filed late]; *Nuspl v. Nuspl*, 717 P.2d 341, 343 n. 2 (Wyo.1986) [no appearance for appellee]; *Meeker v. Lanham*, 604 P.2d 556, 557 (Wyo.1979) [appellees not heard because their brief was filed late].

we merely refer the reader to the statement of the proceedings in the district court, above, which demonstrates that Apodaca's notice of appeal was timely filed.

As a preface to the disposition of Apodaca's substantive issues, we will address his claim that he is entitled to preferential treatment because he is proceeding pro se in this matter. This court has indicated that a certain leniency is accorded to anyone acting pro se; however, the proper administration of justice requires reasonable adherence to the rules and requirements of the court. *Zier v. City of Powell*, 526 P.2d 63 (Wyo.1974); and *see Kost v. Thatch*, 782 P.2d 230, 231 (Wyo.1989) (and cases cited therein). There is no more basic requirement in the rules than that a complaint must state a cause of action. Likely, Apodaca has confused the standards applied to a pro se litigant in a state civil action with the less stringent standards applied to pro se litigants in actions pursuant to 42 U.S.C. § 1983. *See, for example, Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163, 169 (1980); *Hayes v. Cuyler*, 475 F.Supp. 1347, 1349 (D.C.Pa.1979); 42 U.S.C.A. § 1983, n. 2188 (1981). The record in this case does not reveal anything but that the trial court accorded Apodaca every courtesy and consideration to which he was entitled.

Apodaca asserts that his complaint states causes of action for medical malpractice, for his nonconsent to treatment by Kirsch and Ommen and gross negligence in the delivery of that treatment.

The last of these we can quickly dispose of because it is clear from Apodaca's complaint that no treatment has been given him by either Kirsch or Ommen, because he refused treatment by them. For a discussion of the elements of negligence *see ABC Builders, Inc. v. Phillips*, 632 P.2d 925, 930 (Wyo.1981).

The four essential elements of medical malpractice are that: (1) there is a duty owed by the defendant to the plaintiff; (2) failure of the defendant to perform that duty; and (3) failure to perform the duty has proximately caused (4) damage to the plaintiff. *Fiedler v. Steger*, 713 P.2d 773, 775 (Wyo.1986); and *see Harris v. Grizzle*, 625 P.2d 747, 749 (Wyo.1981). In a theoretical sense, Kirsch and Ommen had a duty to Apodaca. He is an inmate of the penitentiary, and the Board of Charities and Reform has a statutory, as well as a constitutional, duty to provide appropriate care for him. Wyo. Const. art. 1, §§ 15–16; W.S. 25-1-104 and 25-1-106 (July 1990 Repl.); and *see Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). One method of fulfilling that obligation is for the board to provide adequate medical care. However, Apodaca's complaint fails on the other three elements of medical malpractice. He did not allege that Kirsch and Ommen failed to perform their duties; indeed, they were trying to, but he refused to permit them to provide treatment to him. Thus, they did not fail to perform their duties and there could be no resultant damages to Apodaca under these circumstances.

Finally, Apodaca appears to assert that his nonconsent to treatment by Kirsch and Ommen states a cause of action and that he has the right to be treated by Wilcox.[6] Apodaca states no authority for this proposition. The authorities extant are quite the opposite, *i.e.*, one of the incidences of incarceration is loss of the privilege to demand the medical care of the prisoner's choice and submission of his medical needs to the practitioners made available by the penal institution. *U.S. v. DeCologero*, 821 F.2d 39, 42–43 (1st Cir. 1987); *Roberts v. Spalding*, 783 F.2d 867,

---

6. We note from the record that one of Apodaca's primary concerns was that a referral to an orthopedic surgeon meant that he would be subjected to some sort of surgical intervention, rather than the external treatments provided by a chiropractor. Although most people suffer a back problem sometimes in their lives, only about two percent require surgical treatment. Moreover, most such problems are treated nonsurgically by many of the same treatment modalities employed by chiropractors. Carroll, *Orthopedics and Trauma Surgery*, pp. 11A, 44A–50B (Facts on File 1989); Langone, *Chiropractors: A Consumer's Guide*, Chs. 6–9 (Addison-Wesley Publishing Company 1982).

870 (9th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986); *Harding v. Kuhlmann,* 588 F.Supp. 1315, 1317 n. 8 (S.D.N.Y.1984), *affirmed by memorandum* 762 F.2d 990 (2nd Cir.1985); *Gahagan v. Pennsylvania Board of Probation and Parole,* 444 F.Supp. 1326, 1330 (E.D.Pa.1978); *Coppinger v. Townsend,* 398 F.2d 392, 394 (10th Cir.1968); *Cooper v. State,* 97 Idaho 781, 554 P.2d 959, 960–61 (1976); Gobert and Cohen, *Rights of Prisoners,* § 11.10 (Shepard's/McGraw–Hill 181) (and *see* 1990 Cum.Supp.). While these decisions are couched in terms of there being no constitutional right to treatment of the inmate's choice, we hold that an inmate has no right to demand the treatment or medical practitioner of his choice. The failure of the prison administrator to provide the demanded treatment, by itself, does not state a cause of action.

A rule somewhat to the contrary is suggested by *Ferranti v. Moran,* 618 F.2d 888, 890–91 (1st Cir.1980) which opined, in dicta, that refusal to provide an inmate with the type of medical care requested may raise a colorable claim of negligence. That opinion does not go so far as to say that the inmate is entitled to see the physician, chiropractor, or other health care provider of his choice, but it does suggest that if the inmate demands, for example, to see a chiropractor rather than an orthopedic surgeon that that request should be honored. Also, Hazel and Janeen Kerper list refusal to provide the kind of medical care demanded by the prisoner as one issue that arises in the general area of medical care for prison inmates, but no authority is cited for the proposition that a prisoner may demand a particular practitioner. H. Kerper & J. Kerper, *Legal Rights of the Convicted* at 435 (1974). However, even assuming the existence of such a claim, the proper defendants in such a case would appear to be the warden of the Wyoming State Penitentiary and The Board of Charities and Reform. Clearly, Kirsch and Ommen are not the proper defendants for such a claim. We note that, as a general rule, courts follow a "hands off" policy with regard to the administration of penal institutions, recognizing that the care and management of prison inmates lies in the hands of the prison administration. *Apodaca v. Rodriguez,* 84 N.M. 338, 503 P.2d 318, 320 (1972) (citing *Bethea v. Crouse,* 417 F.2d 504 (10th Cir.1969)). In any event, consistent with our holding above, we decline to establish a rule that a prison inmate may demand a particular form of treatment or the services of a particular health care provider.

Apodaca next claims that the district court should have converted the motions to dismiss to motions for summary judgment because Kirsch and Ommen raised affirmative defenses. We do not perceive that any matters outside the pleadings were presented to and not excluded by the district court as contemplated by the final sentence of W.R.C.P. 12(b). In any event, whether the case is treated as one disposed of under W.R.C.P. 12(b)(6) or as a motion for summary judgment under W.R.C.P. 56, our disposition is the same because the argument would not produce a result any different from that we have settled on. Thus, it is not necessary that it be further addressed.

■ Finally, in response to Apodaca's argument that the district court erred, and Apodaca was surprised to his prejudice, by the trial court's permitting Kirsch and Ommen to orally argue affirmative defenses (for example, immunity), we need only say that the district court's decision was that Apodaca's complaint did not state claims upon which relief could be granted and there could not possibly be any prejudice to Apodaca under these circumstances. Assuming, arguendo, that the district court was in error in permitting Kirsch and Ommen to so argue, it is, at worst, an error, defect, irregularity or variance which does not affect substantial rights and is, thus, harmless. W.R.A.P. 7.04.

■ The district court's orders dismissing the complaint did not specify whether or not the dismissal was with prejudice. Under the language of W.R.C.P. 41(b) the dismissal would appear to be one on the merits, thus precluding further pleadings as to Kirsch and Ommen. However, the

authorities are mixed on this question and we do not perceive this as the appropriate case in which to decide the issue with finality. *See* 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2373, at 238–42 (1971). Under the somewhat unique circumstances of this case, including, but not limited to, that the district court did not provide an explanation of its decision to Apodaca either in the form of a decision letter or in the form of a brief explanation in the orders themselves, we do not perceive the dismissals as res judicata should Apodaca choose to file additional pleadings in this matter.

The orders of the district court dismissing the complaint are affirmed.

URBIGKIT, C.J., filed a dissenting opinion.

URBIGKIT, Chief Justice, dissenting.

Although to a reasonable degree I may accept the established idea that in litigation the pro se litigant should not be given particular advantage but generally held to the same standard of performance as those persons represented by a licensed attorney, *Korkow v. Markle*, 746 P.2d 434 (Wyo. 1987); *Nicholls v. Nicholls*, 721 P.2d 1103 (Wyo.1986); *Matter of GP*, 679 P.2d 976 (Wyo.1984), I would, however, strongly urge that he or she be given a chance if not perhaps even an equal chance. Perceiving a lack of that result in this case, I dissent.

We should look at what actually happened where one of the two appellees won in district court without supporting a motion to dismiss with anything, brief or otherwise, beyond a bare motion prior to the date of hearing and the other litigant now succeeds in securing an affirmation of the dismissed judgment in this court without addressing the subject in any briefing filed in this court.

Appellant, while incarcerated in the Wyoming State Penitentiary, brings this civil action pro se against appellees, the medical services director, Janet Ommen, R.N., and a contract doctor for the penitentiary, Archie Kirsch, M.D. All of this started so simply. Appellant came to the Wyoming State Penitentiary with an established worker's compensation benefit entitlement for a temporary disability payment derived in award from testimony of a Cheyenne, Wyoming chiropractor, Milo E. Wilcox, D.C. Appellant wanted to continue treatment from Dr. Wilcox in order to continue receiving his temporary total disability benefits.

For reasons known only to them and certainly not apparent from this record, Ommen and Kirsch wanted appellant to be examined by a Casper, Wyoming orthopedic doctor instead of the treating Cheyenne chiropractor. The danger in discontinuance of worker's compensation injury benefits was self-evident to appellant with the result being that he resisted and then finally sued Ommen and Kirsch for denial of his civil rights for continuation of examination and care by the treating chiropractor. The driving distance from Rawlins, Wyoming to Casper as compared from Rawlins to Cheyenne was not so notably different that a particular cost differential in travel expenses is observable and certainly not demonstrated within this record.

Suit was filed by appellant pro se on January 9, 1990, to be followed by a motion to dismiss by Ommen through one law firm and a motion to dismiss by Kirsch through another law firm. In accord with the Uniform Rules for the District Courts of the State of Wyoming, Ommen filed a memorandum to support the W.R.C.P. 12(b)(6) motion:

> Each motion filed, except motions for summary judgment, shall set out the specific point or points upon which the motion is brought, and may be accompanied by a concise brief. No answer brief is required. There will be no specific motion day. When required, hearing of motions will be set on request of counsel or by motion assignment issued by the court. Motions may be submitted on brief if desired. All motions not called up or set for hea[r]ing within 60 days after filing will automatically be denied, with 10 days then allowed for pleading.

Rule 301, Uniform Rules for the District Courts.

Each motion followed the normal W.R. C.P. 12(b)(6) form for "failure to state a claim" and neither defined by the motion or by accompanying memorandum in what regard their contentions should be sustained as a generic attack on a rather specific complaint of twenty-three paragraphs.

A subsequent brief was filed by Ommen to center on the subject of a reasonable care standard for persons confined in a penitentiary and in no way addressed the subject of worker's compensation evaluation and treatment which, of course, was the subject presented by appellant. Kirsch did even less in supporting his W.R.C.P. 12(b)(6) motion and clearly did nothing in any way prior to the hearing date by written memorandum or otherwise to comply with Rule 301, Uniform Rules for the District Courts. A copy of a brief signed by Kirsch's attorney dated February 26, 1990 shows a mailing certificate of February 26, 1990 and is found in the record with a filing date stamp of February 27, 1990, although the instrument itself is not shown in the district court clerk's index of instruments included in the record. Obviously the original must have been carried from Casper to the hearing on February 27 in Rawlins, and since no record of the hearing is available, there is no way to tell when, if ever, appellant received a copy. Appellant certainly did not receive a copy in advance of the scheduled Rawlins hearing.

Following receipt of both motions to dismiss and one memorandum, appellant pursued a diligent effort to protect his pro se interest in the litigation. Following the February 13, 1990 Ommen dismissal memorandum, appellant filed on February 16 a "Motion for Order Directing Pre–Hearing Written Argument and Memoranda and Rescheduling Hearing"; on February 20, he filed a "Motion to Restrict Argument at Hearing to Those Issues Upon Which Written Argument Has Been Submitted by the Defendants" and "Plaintiff's Response to Defendants' Motions to Dismiss"; on February 21, he filed a "Request for Written Deposition" to secure testimony of his treating medical witness Dr. Wilcox, and "Plaintiff's Supplemental Response to Defendants' Motions to Dismiss"; and on February 27, he filed a "Notice and Motion for Restraining Order" followed by the hearing held in Rawlins on February 27, 1990.[1]

Appellant then filed a "Motion for New Trial or to Alter or Amend the Judgment" responsive to the hearing at which the district judge had orally advised that the motions to dismiss would be sustained. No court order was ever entered in decision of the "Motion for New Trial or to Alter or Amend the Judgment" and, consequently, appellant proceeded further by the appeal presently pending in this court.

Appellant filed a comprehensive brief in this court addressing the substantive sub-

1. The dispositive orders provided:
*ORDER GRANTING DEFENDANT JANET OMMEN'S MOTION TO DISMISS*
The above-entitled matter having come before the Court on Defendant Janet Ommen's motion to dismiss, and the Court having fully and carefully reviewed and considered the motion, and after hearing held on February 27, 1990, commencing at 9:00 A.M., upon hearing all matters pertinent thereto, and being fully advised in the premises, finds:
That plaintiff's complaint fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), W.R.C.P.
IT IS THEREFORE ORDERED that the complaint be, and hereby is, dismissed; defendant's motion to dismiss is granted.
IT IS FURTHER ORDERED that plaintiff's motion for restraining order, and motion to restrict argument at hearing, and motion for order directing written argument and rescheduling are hereby denied.

DATED this 5 day of March, 1990.
*ORDER OF DISMISSAL*
THIS MATTER having come before the Court on Defendant Archie Kirsch's Motion to Dismiss and the parties having appeared in person or through counsel; and the Court having heard argument and authority in a hearing on February 27, 1990; and the Court being advised of the law and facts of the case DOTH FIND:
1. That the Plaintiff's Complaint fails to state a claim upon which relief can be granted in that it fails to allege the necessary elements of medical malpractice or any other cause of action.
2. That the case should be dismissed.
NOW THEREFORE IT IS HEREBY ORDERED THAT the Plaintiff's Complaint against the Defendant, Archie Kirsch, M.D. be dismissed and Defendant's Motion be granted.
DATED this 8 day of March, 1990.

jects of both W.R.C.P. 12(b)(6) motion dismissals and stating four issues:

1. Whether the complaint states a claim for medical malpractice, and whether the district court erred in dismissing the complaint under Rule 12(b)(6), W.R.C.P.

2. Whether the district court erred in failing to consider the Appellees' motions to dismiss under Rule 12(b)(6), W.R.C.P., as orally argued at the hearing, as motions for summary judgment under Rule 56, W.R.C.P.

3. Whether the district court erred in allowing the Appellees to orally plead affirmative defenses which had not been argues [sic] in writing, thus imposing an impermissible surprise upon the Plaintiff.

4. Whether the district court erred in holding the pro se plaintiff to the same, or higher, standards, as an attorney would have been.

Appellant also provided a specifically requested brief by order of this court addressing timeliness of his appeal. Kirsch and Ommen both addressed the timeliness issue, but this time Ommen did not address in any way the substantive issues presented by appellant. In essence, Ommen submitted her case to this court as appellee without brief, but this time Kirsch provided a timely substantive argument which he had not provided to secure the original W.R.C.P. 12(b)(6) dismissal order in district court.[2]

Perhaps since this court permits appellant to replead, which in my analysis was originally sufficient under the circumstances in any event to withstand the W.R.C.P. 12(b)(6) motions, the case in its absurd posture does not deserve further appellate time spent in writing here. What happened, however, to this pro se litigant is incomprehensible even to have been acceptable where each party might have been represented by counsel.

In the first place, I believe the Uniform Rules for the District Courts should be enforced within the intended purpose or repealed completely. *Osborne v. State*, 806 P.2d 272 (Wyo.1991) (Nos. 90–66, 67, 68, decided 2/11/91), Urbigkit, C.J., specially concurring; *Phillips v. State*, 774 P.2d 118 (Wyo.1989), Urbigkit, C.J., specially concurring; *Harvey v. State*, 774 P.2d 87 (Wyo.1989), Urbigkit, C.J., specially concurring. Secondly, there is no proper way that the W.R.C.P. 12(b)(6) motion dismissals were justified without reference to extrinsic facts, and proper notice for adequate conversion to summary judgment under W.R.C.P. 56 was certainly not provided. One of the most concise yet complete analyses of W.R.C.P. 12(b)(6) is provided in *Texas West Oil and Gas Corp. v. First Interstate Bank of Casper*, 743 P.2d 857, 868 (Wyo.1987), Thomas, J., dissenting:

"According to our standard of review we will sustain a dismissal of a complaint only if it shows on its face that the plaintiff was not entitled to relief under any set of facts. *Johnson v. Aetna Casualty & Surety Co. of Hartford*, Wyo.,

---

**2.** Appellant recognized that the State in behalf of Ommen had not filed a brief and consequently, lacking the opportunity to appear for oral argument and expecting that the case would be heard by expedited docket as it was, filed a motion for order that Ommen not be heard on the appeal and a motion for order adopting appellant's statement of proceedings as true and correct for purposes of this appeal.

With some thoughtfulness, appellant stated in his motion:

The Appellant filed his "Brief of Appellant" and "Statement of Proceedings Under Rule 4.03, W.R.A.P." on September 7, 1990. Appellee Kirsch did file a brief, but did not respond to the Appellant's Rule 4.03 Statement of Proceedings. Appellee Ommen has not filed a brief and has not responded to Appellant's Statement of Proceedings (Appellee Ommen did file a secondary brief purportedly addressing the timeliness of the Appellant's Notice of Appeal, pursuant to this Court's June 22, 1990 order, but has not filed a brief addressing the issues of the appeal). Pursuant to Rule 5.11, W.R.A.P., Appellee Ommen now may not be heard on the appeal. Further, as neither Appellee has contradicted Appellant's Rule 4.03 Statement of Proceedings, the facts stated therein must now be considered to be true for purposes of this appeal.

Wherefore, Appellant moves the Court for Its orders directing that Appellee Ommen may not now be heard on the appeal, and adopting the facts stated in Appellant's Rule 4.03 Statement of Proceedings as true for purposes of this appeal.

The State did not respond to the motion.

608 P.2d 1299 (1980). In considering such a motion, the 'facts alleged in the complaint are admitted and the allegations must be viewed in the light most favorable to plaintiffs.' *Moxley v. Laramie Builders, Inc.*, Wyo., 600 P.2d 733, 734 (1979). Dismissal is a drastic remedy, and is sparingly granted. *Harris v. Grizzle*, Wyo., 599 P.2d 580 (1979)." *Mostert v. CBL & Associates, et al.*, Wyo., 741 P.2d 1090, 1092 (1987).

*See Torrey v. Twiford*, 713 P.2d 1160 (Wyo. 1986).

In reflecting on the disposition made by this court, I do not know what we do with our often repeated rule that contentions unsupported by proper briefing and cogent argument should not avail the non-performing litigant. *Kipp v. Brown*, 750 P.2d 1338 (Wyo.1988); *Jones Land and Livestock Co. v. Federal Land Bank of Omaha*, 733 P.2d 258 (Wyo.1987); *Zanetti v. Zanetti*, 689 P.2d 1116 (Wyo.1984). We serve in this case to represent the represented in denial of justice to the unrepresented pro se litigant. *Cf. Kipp*, 750 P.2d 1338.

Pro se litigants may not be justified in receipt of favored treatment, but equal treatment and some degree of intrinsic fairness is required under the rights guaranteed by Wyo. Const. art. 1 and amendments, including the Fourteenth Amendment to the United States Constitution even to be granted to the incarcerated litigant when he proceeds pro se to seek a remedy for a claimed denial of justice.

Consequently, I would reverse the dismissals, send the case back to the district court and then contemplate a more adequate performance before a pro se litigant may be precipitously denied his search to claim justice. I reject W.R.C.P. 12(b)(6) dismissal provided without justified legal support, opportunity to amend, or even opportunity of the litigant to properly respond at an unrepresented hearing. I now reject affirming the initial decision when one of the litigants, the State of Wyoming, does not even bother to respond by appellate briefing to this court.

Consequently, I dissent.