**COMMONWEALTH of Kentucky ex rel. Ed W. HANCOCK, Attorney General, et al., Appellants,**

**v.**

**Charles J. HOLMES, Commissioner, Department of Corrections, et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1974.

Rehearing Denied June 7, 1974.

Ed W. Hancock, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellants.

Edward F. Prichard, Jr., Frankfort, for appellees.

STEINFELD, Justice.

The 1972 session of the General Assembly of the Commonwealth passed an Act which is referred to as the "work release program" for prisoners convicted of a felony. KRS 439.580 through 439.630. The Commonwealth, on relation of the Attorney General, brought this action to enjoin the installation of this program and to have declared part of the Act as repugnant to section 253 of the Kentucky Constitution.

The statutory language herein involved is as follows:

KRS 439.590:

"The department may establish community residential correctional centers at locations approved by the legislative body of the area where located as places of confinement for convicted felons * * *."

KRS 439.600:

"The commissioner, or such person as said commissioner delegates, may extend the limits of the place of confinement of a prisoner as to whom there is reasonable cause to believe will honor his trust, by authorizing him, under prescribed conditions, to:

"(1) Visit specifically designated places within the boundaries of Kentucky for a period not to exceed seven (7) days and return to the same institution or facility.

* * * * * *

"(4) To do work at paid employment in the community on a voluntary basis returning to the institution or to the facility at night."

Section 253 of the Constitution, with the 1915 amendment, is as follows:

"Persons convicted of felony and sentenced to confinement in the penitentiary shall be confined at labor within the walls of the penitentiary; and the General Assembly shall not have the power to authorize employment of convicts elsewhere, except upon the public works of the Commonwealth of Kentucky, or when, during pestilence or in case of the destruction of the prison buildings, they cannot be confined in the penitentiary."

1915 amendment:

"That section 253 of the Constitution be so amended that the Commonwealth of Kentucky may use and employ outside of the walls of the penitentiaries in such manner and means as may be provided by law, persons convicted of felony and sentenced to confinement in the penitentiary for the purpose of constructing or reconstructing and maintaining public roads and public bridges or for the purpose of making and preparing material for public roads and bridges, and that the Commonwealth of Kentucky may, by the use and employment of convict labor outside of the walls of the penitentiary by other ways or means, as may be provided by law, aid the counties for road and bridge purposes, work on the State farm or farms."

The circuit court dismissed the complaint holding, among other things, that,

"The Kentucky Statute challenged herein does not violate Section 253 of the Constitution of Kentucky under the *interpretation* the Kentucky Court of Appeals has already given that Section in George v. Lillard [21 Ky.Law Rep. 483], 51 S.W. 793 (C.A.Ky., 1899)."

From that judgment this appeal was lodged. We affirm in part and reverse in part.

The Attorney General claims that KRS 439.600(1) violates section 253 of our Con-

stitution and vigorously argues that KRS 439.600(4) is legislation contrary to the language, spirit and intent of section 253. There is no contention that the legislature may not authorize the construction and operation of penitentiaries in addition to those now existing, nor do the appellants claim that the establishment of "correctional centers" authorized by KRS 439.590 violates the provisions of section 253 if these centers are used in connection with programs which allow felony convicts to participate in non-work activities outside of those facilities. Appellants do not attack the parole system [1] or KRS 439.600(2) which permits a prisoner to be sent outside the correctional institution for medical attention not available within the facility. They do not challenge KRS 439.600(3) which authorizes prisoners to "(p)articipate in an educational training program in the community on a voluntary basis * * *," therefore, we do not consider or decide the validity or invalidity of the sections of the Act which are not under attack.

■ We are of the opinion that KRS 439.600(1) is not violative of section 253 of the Constitution as that section has been construed in George v. Lillard, 106 Ky. 820, 21 K.L.R. 483, 51 S.W. 793 (1899), and other cases.

KRS 439.600(4) deals with employment other than that allowed by section 253. The constitutional debates clearly reveal that section 253 was designed to prohibit the Commonwealth, any division thereof, or any private enterprise from working convicts outside the prison walls, with the exceptions we will mention. In George v. Lillard, supra, we said,

"* * * The purpose of the enactment of that section of the constitution was to prevent the working of convicts by the state outside of the prison walls.[2]

That was the evil intended to be remedied by the prohibition contained in the section. * * *"

Originally the Commonwealth was authorized to use convict labor outside the prison walls on its public works, or during a time of pestilence, or if prison buildings were destroyed and confinement could not be continued. Harris v. Commonwealth, 23 K.L.R. 775, 64 S.W. 434 (1901); Reliance Mfg. Co. v. Board of Prison Commissioners, 161 Ky. 135, 170 S.W. 941 (1914). *Harris* stated,

"* * * While the section of the constitution quoted requires the convicts to be worked within the walls of the penitentiary, they are not required to be always kept within the walls, and may be sent out under guard at times. * * *"

Our decision in Reliance Mfg. Co. v. Board of Prison Commissioners, supra, said,

"* * * that convicts shall be confined at labor within the walls of the penitentiaries, and the General Assembly shall not have the power to authorize their employment elsewhere, except upon the public works of the commonwealth, or in case of pestilence or the destruction of the prison building. * * *"

The 1915 amendment to section 253 of the Constitution liberalized its provisions by authorizing the use of prison labor to "* * * aid the counties for road and bridge purposes, * * *."

■ Appellees argue that this is a meritorious and progressive program, therefore we should not strike it down. It is not for this court to judge the benefits, if any, to be derived from legislation, but rather to determine whether it is prohibited by the Constitution. Viewing it in that light, we hold that employment of prisoners convicted of a felony, except as

---

1. A parole system was held valid in Wilson v. Commonwealth, 141 Ky. 341, 132 S.W. 557 (1910).

2. It appears that this may have been an overly broad statement.

authorized by section 253 as amended, is impermissible and that KRS 439.600(4) as drawn and implemented by KRS 439.- 620 is contrary to that section of the Constitution.

The judgment is affirmed in part and reversed in part.

OSBORNE, C. J., and JONES, MILLI-KEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

JONES and STEINFELD, JJ., concur.

OSBORNE, C. J., and STEPHENSON, J., dissent from so much of the opinion which holds constitutional KRS 439.600(1).

PALMORE and REED, JJ., dissent in part.

PALMORE, Justice (dissenting in part).

The parole system passed constitutional muster in George v. Lillard, 106 Ky. 820, 51 S.W. 793 (1899), and has been in effect for 75 years. The work release program here in dispute is even more restrictive of the prisoner's liberty than parole. If *Lillard* is still the law I do not see how it can be declared invalid.

REED, J., concurs in this viewpoint.