**John Brenton PRESTON, Plaintiff,**

v.

**Wendell FORD, Governor, Commonwealth of Kentucky, et al., Defendants.**

United States District Court,
E. D. Kentucky,
Lexington Division.

Aug. 1, 1974.

John Brenton Preston, pro se.

Ed Hancock, Atty. Gen., Frankfort, Ky., for defendants.

MEMORANDUM

SWINFORD, District Judge.

John Brenton Preston seeks to proceed in forma pauperis in this civil rights "class" action attacking Kentucky provisions foreclosing a "work release program" for inmates. The plaintiff, who is confined in a minimum security insti-

tution, argues that the wages paid incarcerated convicts are "inherently unfair", and that the unavailability of work release programs violates the Equal Protection Clause of the Fourteenth Amendment. The complaint seeks the convocation of a three-judge court to declare the unconstitutionality of Section 253 of the Kentucky Constitution and K.R.S. 197.-070–197.200.

Section 253 of the Kentucky Constitution provides:

> "Persons convicted of felony and sentenced to confinement in the penitentiary shall be confined at labor within the walls of the penitentiary; and the general assembly shall not have the power to authorize employment of convicts elsewhere, except upon the public works of the Commonwealth of Kentucky, or when, during pestilence or in case of the destruction of the prison buildings, they can not be confined in the penitentiary."

This section was amended in 1915 to permit the use of convicts for work on public roads, bridges, and farms. The assailed legislation generally requires prison labor and industrial training; regulates the terms of work and compensation; forbids the employment of inmates outside the penitentiary for nonpublic projects; and specifies convicts ineligible for external work.

The labor of a convict belongs to the state, which may within limitations specify the conditions of employment. Sims v. Parke Davis & Co., E.D. Mich., 334 F.Supp. 774, 791 (1971), aff'd 6th Cir., 453 F.2d 1259 (1971), cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972); see also Green v. United States, D.C.Cir., 481 F.2d 1140 (1973); Breece v. Swenson, W.D.Mo., 332 F.Supp. 837, 843 (1971); Mercer v. United States Med. Center for Fed. Pris., W.D.Mo., 312 F.Supp. 1077, 1079–1080 (1970). Whatever the rehabilitative effects of a work release program, see Commonwealth ex rel. Hancock v. Holmes, Ky., 509 S.W.2d 258 (1974), a state convict enjoys no federally protect-ed right to outside employment. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). These diminished liberties include participation in a particular prison job, Banks v. Norton, D.Conn., 346 F.Supp. 917, 921 (1972); or payment for work while incarcerated. Marchese v. United States, 453 F.2d 1268, 1271, 197 Ct.Cl. 102 (1972); Sigler v. Lowrie, 8th Cir., 404 F.2d 659, 661 (1968), cert. denied 395 U.S. 940, 89 S. Ct. 2010, 23 L.Ed.2d 456 (1969); Shively v. White, W.D.Va., 351 F.Supp. 191, 195 (1972). Thus, in Wagner v. Holmes, E.D.Ky., 361 F.Supp. 895, 897 (1973), this court upheld a Kentucky statute denying outside release to specified classes of prisoners:

> "One of the rights sacrificed as inconsistent with institutional security is that of freely leaving the prison to engage in outside employment. Participation in an outside work release program is in this respect a privilege, not a right; it is comparable to the educational opportunities extended to certain inmates: a benefit which may be withdrawn without constitutional proscription."

See Shaw v. Beto, S.D.Texas, 318 F. Supp. 1215 (1970); United States v. Pate, N.D.Ill., 229 F.Supp. 818 (1964).

The convocation of a three-judge court is dependent upon the existence of a substantial constitutional question. Mitchell v. Donovan, 398 U.S. 427, 431, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Jones v. Branigin, 6th Cir., 433 F.2d 576 (1970), cert. denied 401 U.S. 977, 91 S.Ct. 1205, 28 L.Ed.2d 327 (1971). The complaint before the court presents "obviously frivolous" issues which do not warrant the invocation of 28 U.S.C. § 2281. See Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L. Ed.2d 36 (1973); Protestants And Other Amer. United, Etc. v. United States,

6th Cir., 435 F.2d 627, 629 (1970), cert. denied 403 U.S. 955, 91 S.Ct. 2277, 29 L.Ed.2d 865 (1971).

An order will be entered denying leave to proceed in forma pauperis and dismissing the complaint.