**COMMONWEALTH of Kentucky ex rel. Ed HANCOCK, Attorney General, Appellants,**

v.

**William B. PAXTON et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1974.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., William W. Pollard, Legal Intern, Frankfort, for appellants.

William L. Willis, Dept. of Transp., Joseph J. Leary, Frankfort, Thomas L. Hogan, Frankfort, for appellees.

CULLEN, Commissioner.

The issue on this appeal is whether the Attorney General of Kentucky has standing to initiate and maintain a suit challenging the constitutionality of an Act of the General Assembly, against a state officer, department or agency charged with the administration of the Act. Holding that the Attorney General did not have such standing, the circuit court dismissed two suits (which were consolidated in the circuit court) brought by the Attorney General against the Kentucky Department of Transportation and its Commissioner, which suits, respectively, challenged the

constitutionality of Chapter 123 of the Acts of 1972 (KRS 186.177) and Chapter 41 of the Acts of 1974 (KRS 186.178).[1] For the reasons hereinafter stated we disagree with this holding and are reversing the judgment.

■ Sections 91 and 93 of the Kentucky Constitution, providing for the office of Attorney General, state that his duties shall be such as may be prescribed by law, which suggests that his duties are solely statutory. However, he of course has the same duty as all other public officers of the state, embraced in the constitutional oath of office under Section 228 of the Constitution, of supporting the Constitution, and he is possessed of all *common law* powers and duties of the office except as modified by the Constitution or statutes. See Johnson v. Commonwealth ex rel. Meredith, 291 Ky. 829, 165 S.W.2d 820.

In the past, suits on a number of occasions have been brought by the Attorney General of Kentucky, against an executive officer or agency of the state, attacking the constitutionality of a statute, but the question of his standing to bring the suit was not put in issue. See Commonwealth v. Johnson, 292 Ky. 288, 166 S.W.2d 409; and Commonwealth ex rel. Hancock v. Holmes, Ky., 509 S.W.2d 258. So we have a question of first impression in this state. The question is whether the authority to bring such a suit is embraced within the constitutional, statutory or common law powers of the office.

■ As concerns the constitutional duties of the office, the only express one is that in the prescribed oath of office—to support the Constitution. The statutory powers and duties of the office are set forth in KRS 15.020. The most significant provisions of that statute, as concern the

question here in issue, are that the Attorney General is "the chief law officer of the commonwealth" and "shall commence all actions or enter his appearance in all cases * * * in which the Commonwealth has an interest * * *." At common law, he had the power to institute, conduct and maintain suits and proceedings for the enforcement of the laws of the state, the preservation of order, and the protection of public rights. 7 Am.Jur.2d, Attorney General, sec. 6, p. 7.

The decision of the circuit court that the Attorney General has no standing to institute an action of the kind here in issue is sought to be supported by the appellees (including intervening defendants whose interest is in upholding the validity of the Acts in question) on the basis that under both the common law and our statute, KRS 15.020, the powers and duties of the Attorney General are to represent the "Commonwealth," which the appellees interpret to mean the hierarchy of officers, departments and agencies heading the executive branch of the state government.

It is true that at common law the duty of the Attorney General was to represent the *king*, he being the embodiment of the state. See Hancock v. Terry Elkhorn Mining Company, Inc., Ky., 503 S.W.2d 710. But under the democratic form of government now prevailing the people are the king, Ky.Const. sec. 4, so the Attorney General's duties are to that sovereign rather than to the machinery of government.

■ The appellees maintain in substance that the Attorney General's duty is to defend the *law*, which they interpret to mean only to defend *suits* attacking *statutory* laws. They overlook the duty of the Attorney General to uphold the *Constitution*, which surely embraces the power to

---

[1]. Both Acts made provision for special automobile license plates, the 1972 Act authorizing them for "ham" radio operators and the 1974

Act authorizing them for members of the General Assembly.

protect it from attacks in the form of legislation as well as from attacks by way of lawsuits by other persons against state officers or agencies. We think that if the Constitution is threatened by an item of legislation, the Attorney General may rise to the defense of the Constitution by bringing a suit, and is not required to wait until someone else sues.

While KRS 15.020 imposes on the Attorney General the duty to "attend to * * * any litigation or legal business that any state officer, department, commissioner, or agency may have in connection with, or growing out of, his or its official duties," we believe the statute, in stating at the outset that the Attorney General is "the chief law officer of the Commonwealth," intends that in case of a conflict of duties the Attorney General's primary obligation is to the Commonwealth, the body politic, rather than to its officers, departments, commissions, or agencies. We do not conceive that a suit brought by the Attorney General against a state officer, department or agency, seeking to uphold the Constitution, is a suit against the Commonwealth in the sense of a being a breach of the Attorney General's duty to represent the Commonwealth.

There is no question as to the right of the Attorney General to appear and be heard in a suit brought by someone else in which the constitutionality of a statute is involved. See CR 24.03; KRS 418.075. We hold that his constitutional, statutory and common law powers include the power to initiate a suit questioning the constitutionality of a statute.

Support for our view is found in Hansen v. Barlow, 23 Utah 2d 47, 456 P.2d 177, and State ex rel. Meyer v. Peters, 188 Neb. 817, 199 N.W.2d 738.

The judgment is reversed with directions to enter judgment reinstating the actions. All concur.