STATE of Tennessee, Plaintiff–Appellee,

v.

Samuel J. CHASTAIN, Defendant–Appellant.

Supreme Court of Tennessee,
at Knoxville.

Feb. 14, 1994.

Kevin W. Shepherd, Asst. Public Defender, Maryville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Amy L. Tarkington, Asst. Atty. Gen., Nashville, for appellee.

**662**

*OPINION*

ANDERSON, Justice.

In this direct appeal, the defendant first insists that the State, through the state attorney general or district attorney general, has no authority to challenge the constitutionality of a state statute. Second, the defendant contends that after just such a challenge, the trial court erred in holding unconstitutional Section 2 of Public Chapter 355 of the Acts of 1991, as amended [1], which authorized constitutional challenge of prior DUI guilty plea convictions used for enhancement of punishment in subsequent DUI cases.

■ We conclude that the state attorney general and district attorneys general have authority within circumscribed limits to challenge the constitutionality of a statute directly conflicting with or impliedly repealing another statute upon which the prosecution relies in the execution of its legal duties. Having so concluded, we affirm the trial court judgment holding Public Chapter 355 violates the dictates of Article II, § 17 of the Tennessee Constitution.

### FACTUAL BACKGROUND

On May 18, 1991, the defendant, Samuel J. Chastain, was arrested in Blount County, Tennessee, and charged with driving under the influence of an intoxicant. Because Chastain had been convicted of two earlier DUI offenses, he was indicted for a third offense DUI, which provides for greater punishment than a first or second offense.

Public Chapter 355 was in effect at the time of indictment and provided as follows:

> Notwithstanding any other provision of law or rule of court to the contrary, a person shall be permitted to challenge the constitutional validity, under the Tennessee supreme court decision of *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977), and any other related state or federal decisions, of any prior guilty plea conviction for a violation of § 55–10–401 [prohibiting driving under the influence of an intoxicant or drug], at

any proceeding in which the state seeks to use such prior conviction to enhance the punishment for a subsequent violation of such section.

Using the foregoing act as authority, the defendant moved to strike his two earlier DUI convictions because of alleged constitutional deficiencies in those prior guilty pleas. The State countered by asking the trial court to declare Public Chapter 355 unconstitutional. The assistant district attorney general argued that the caption of the bill did not mention that the act effectively amended the statute of limitations and jurisdictional provisions of the Post–Conviction Procedure Act (Tenn.Code.Ann. § 40–30–102 and –103) (1990 & Supp.1993). That failure, according to the State, violated the provision of Article II, § 17 of the Tennessee Constitution, which provides: "All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended." The defendant responded that a district attorney general has no authority to challenge the constitutionality of a state statute and that the statute was constitutional.

The trial court agreed with the State and declared Public Chapter 355 unconstitutional. Accordingly, Chastain was not permitted to challenge the validity of his earlier DUI guilty pleas and as a result, he entered a voluntary guilty plea to the charge of third offense DUI and was sentenced to 11 months, 29 days, to be suspended after service of 150 days. On April 28, 1992, the Tennessee General Assembly recognized the constitutional problems generated by the act and repealed Public Chapter 355.

### AUTHORITY TO CHALLENGE

The defendant questions whether the attorney general or a district attorney general is authorized to challenge the constitutionality of a state statute. No reported Tennessee case directly addresses that question in a situation analogous to that presented in this case. The courts of other jurisdictions, how-

---

**1.** The provisions of Section 2 of Public Chapter 355 of the Acts of 1991 were codified at Tenn. Code Ann. § 55–10–403(*l*) (Supp.1991). That subsection was repealed by Public Chapter 773

of the Public Acts of 1992. For easy reference in this Opinion, the section will be referred to as "Public Chapter 355."

ever, have been faced with similar issues and have reached conflicting conclusions regarding the authority of the state's lawyers to raise such constitutional challenges.

For example, in *State ex rel. Attorney General v. Burning Tree Club, Inc.*, 301 Md. 9, 481 A.2d 785 (1984), Maryland's highest court held that because no constitutional provision or state statute granted authority to the attorney general to institute a constitutional challenge to a legislative enactment, such a cause of action could not be maintained by the state's legal officer.

The Maryland court observed that a statute, presumed to be constitutional, has the right to an advocate for its validity. If the state's chief legal officer chooses instead to challenge the validity of that law, "the question would arise as to who would protect the presumption of validity, who would appear for and present the arguments which should be presented in an effort to show that the act was valid." *Id.*, 481 A.2d at 798–99.

Similarly, in *Baxley v. Rutland*, 409 F.Supp. 1249 (M.D.Ala.1976), a federal district court concluded that a state, through its attorney general, should not be allowed to mount an attack "upon the validity of an enactment of its own legislature." *Id.* at 1257. As noted by the court, "The subjective opinion of the Attorney General *without any other personal stake in the outcome* is too weak a base to support the concept of standing and the jurisdictional requirement of a case or controversy between parties with adversary interests." *Id.* (emphasis added).

Despite the convincing arguments advanced in *Burning Tree Club, Inc.* and *Baxley,* the vast majority of reported decisions on the subject reach a conclusion contrary to that of the Maryland court and the Alabama district court. In fact, such cases recognize not only the authority, but the *duty,* of the attorneys general and the district attorneys general to seek to have certain legislation declared unconstitutional.

A number of decisions from other jurisdictions uphold the authority of an attorney general or a district attorney general to challenge the constitutionality of a statute simply by reference to traditional concepts of stand-

ing. In those cases, the courts have concluded that the state's advocate may contest the constitutionality of a state statute if the statute adversely affects that party's (the state's) rights. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663, 678 (1962); *State v. Miskimens,* 22 Ohio Misc.2d 43, 22 OBR 393, 490 N.E.2d 931, 933, n. 2 (Ohio Ct.Com.Pl.1984). *See also Ambles v. State,* 259 Ga. 406, 383 S.E.2d 555, 556–57 (1989), and *State v. Mems,* 281 N.C. 658, 190 S.E.2d 164, 172 (1972).

Still other courts, however, have permitted the state attorney general to challenge the constitutionality of state statutes even when specific rights of the state are not adversely affected by those enactments. In *State ex rel. Landis v. S.H. Kress & Co.,* 115 Fla. 189, 155 So. 823, 827 (1934), the Florida Supreme Court concluded that the *common law* powers of the attorney general create not a right, but a duty, in that office to challenge unconstitutional laws. *Id.,* 155 So. at 826. *See also State ex rel. Meyer v. Peters,* 188 Neb. 817, 199 N.W.2d 738, 740 (1972); *Wilentz v. Hendrickson,* 133 N.J.Eq. 447, 33 A.2d 366, 375 (1943), *aff'd in* 135 N.J.Eq. 244, 38 A.2d 199 (1944); *State ex rel. Evans v. Brotherhood of Friends,* 41 Wash.2d 133, 247 P.2d 787, 792–93 (1952).

A situation analogous to Chastain's case was the subject of the opinion in *Copeland v. State,* 76 So.2d 137 (Fla.1954). There, the defendant sought to escape punishment under the state's rape statutes by invoking the provisions of the Florida Child Molester Act. In affirming the right of the district and state attorneys general to challenge the constitutionality of the Child Molester Act, the Florida Supreme Court stated:

When the appellant raised the question that the Circuit Court was without jurisdiction to try him and that the sentence imposed was an unlawful sentence because of the provisions of the Child Molester Act, the action of the State Attorney and the Attorney General in attacking the validity of the Child Molester Act, as it applied to rape, was proper. It would be ridiculous to tie the hands of the State and say that it could not attack the validity of the Child Molester Act when the appellant, after tri-

al and conviction, seeks the aid of such Act in an attempt to escape the penalty of the rape statute....

*Id.* at 140.

Similarly, in *Commonwealth ex rel. Hancock v. Paxton*, 516 S.W.2d 865, 868 (Ky.Ct. App.1974), the Kentucky Court of Appeals held that the office of attorney general in Kentucky possesses the constitutional, statutory, and *common law* powers to challenge the constitutionality of a statute. Moreover, when it was argued that the duty of the attorney general is to *defend* the laws and statutory enactments of the commonwealth, the court noted:

> They overlook the duty of the Attorney General to uphold the *Constitution*, which surely embraces the power to protect it from attacks in the form of legislation as well as from attacks by way of lawsuits by other persons against state officers or agencies. We think that if the Constitution is threatened by an item of legislation, the Attorney General may rise to the defense of the Constitution by bringing a suit, and is not required to wait until someone else sues.

*Id.* at 867–68. (Emphasis in original). *See also Hansen v. Barlow*, 23 Utah 2d 47, 456 P.2d 177, 178 (1969).

Finally, in *Fund Manager v. Corbin*, 161 Ariz. 348, 778 P.2d 1244 (Ariz.App.1988), *modified in part* 161 Ariz. 364, 778 P.2d 1260 (1989), even the courts of a state whose attorney general did *not* possess common law powers agreed that the legal officer's overriding duty to defend the federal and state constitutions would permit the attorney general to challenge the constitutionality of a state statute. The Arizona Court of Appeals noted:

> It is settled that the Arizona Attorney General has no common law powers and that whatever powers he possesses must be found in the Arizona Constitution or the Arizona statutes. Furthermore, we agree with the Fund Manager that the Attorney General has a duty to uphold the constitutionality of enactments of the Arizona legislature.
>
> However, as "chief legal officer of the state," the Attorney General also has a

duty to uphold the Arizona and United States Constitutions.

> ... We believe the Attorney General's duty to defend the constitution necessarily encompasses a duty to challenge, on behalf of the public, a statute which the Attorney General regards as constitutionally infirm.

*Id.*, 778 P.2d at 1250 (citations omitted) (quoting from *People v. Pollution Control Board*, 83 Ill.App.3d 802, 806, 38 Ill.Dec. 928, 931, 404 N.E.2d 352, 355 (1980)).

Unlike Arizona, and like most other states, the State of Tennessee accords to its attorney general "all common law powers of office, except insofar as they are restricted by statute...." *State v. Heath*, 806 S.W.2d 535, 537 (Tenn.App.1990). Moreover, state law specifically provides that "[t]he attorney general and reporter is authorized to utilize and refer to the common law in cases in which the state of Tennessee is a party." Tenn. Code Ann. § 8–6–109(a) (1993). *In addition*, the Tennessee attorney general also has the statutory duty:

> [t]o defend the constitutionality and validity of *all* legislation of statewide applicability ... enacted by the general assembly, *except in those instances where he is of the opinion that such legislation is not constitutional, in which event the attorney general and reporter shall so certify to the speaker of each house of the general assembly.*

Tenn.Code Ann. § 8–6–109(b)(9) (1993) (emphasis added).

We agree with the view of the Arizona Court of Appeals expressed in *Fund Manager* that the "additional" duty imposed upon the attorney general by statute to defend the constitutionality of all statutes of statewide applicability is not necessarily inconsistent with the common-law right or duty to challenge unconstitutional enactments. As noted by Kentucky's highest court in *Commonwealth ex rel. Hancock v. Paxton*, such a statute cannot abrogate "the duty of the Attorney General to uphold the *Constitution*, which surely embraces the power to protect it from attacks in the form of legislation...." *Id.*, 516 S.W.2d at 867–68. Moreover, the provisions of Tenn.Code Ann. § 8–6–

109(b)(9) do not explicitly exclude the possibility that the attorney general may challenge a statute believed to be unconstitutional. The language outlining the duties of the office does require that the state's legal officer notify the speakers of the houses of the General Assembly "where he is of the opinion that such legislation is not constitutional." The statute, however, is silent as to additional actions the attorney general may take in such circumstances.

Given the common law powers vested in the office of the attorney general and the duty of the state's chief legal officer to support and defend the constitution and laws of Tennessee, we conclude that the attorney general of Tennessee does possess the authority to challenge the constitutionality of state statutes. We further conclude, however, that such authority should be substantially limited by public policy considerations.

We are persuaded that the best resolution of this issue is one which recognizes the duty of the attorney general to advocate the position of the state and yet, balances that obligation with the ethical responsibility to remain true to the oath to support and defend the Constitution of the United States and the Constitution of the State of Tennessee. We believe the test established by the Louisiana Supreme Court in *State v. Watkins,* 176 La. 837, 147 So. 8, 11 (1933), best effects that balance and should be adopted in Tennessee. In *Watkins,* as in the case now before this Court, the district attorney was faced with conflicting statutory provisions and challenged one of the enactments as unconstitutional. In approving the actions of the district attorney general, the Louisiana Supreme Court stated:

> It is the duty of a district attorney to enforce the criminal laws of the state, and, above all, to support the Constitution of the state. If, in the performance of his duty *he finds two statutes in conflict with each other, or one which repeals another, and if, in his judgment, one of the two statutes is unconstitutional,* it is his duty to enforce the other; and, in order to do so, he is compelled to submit to the court, by way of a plea, that one of the statutes is unconstitutional. If it were not so, the

power of the Legislature would be free from constitutional limitations in the enactment of criminal laws.

(Emphasis added.) *See also State v. Tursich,* 127 Mont. 504, 267 P.2d 641, 643 (1954) (following *Watkins* ).

■ The facts of this case demonstrate that the collateral challenge to the validity of Chastain's prior guilty pleas raised the specter of a direct *conflict* between applicable statutes. On the one hand, the Post–Conviction Procedure Act specifically requires such challenges to be raised in the court in which the conviction was obtained within three (3) years "of the date of the final action of the highest state appellate court to which an appeal is taken." Tenn.Code Ann. §§ 40–30–102 and –103 (1990 & Supp.1993). On the other hand, Public Chapter 355 permits such collateral challenges *at any time* in any court in which the prior convictions are being used to enhance punishment. When faced with such irreconcilable statutory provisions, *the attorney general,* believing one of the statutes to be unconstitutional, should be allowed to strike at the very heart of the conflict by attacking the constitutionality of one of the statutes.

In Tennessee, the offices of *the district attorneys general* should also be allowed to challenge the constitutionality of statutes under the limited avenues available to the attorney general. By statute, the various district attorneys general have the paramount duty of prosecuting "on behalf of the state in every case in which the state is a party, or is in any wise interested." Tenn.Code Ann. § 8–7–103(1) (1993). Consequently, those district attorneys general are responsible for advocating a position designed to advance the interests of the prosecution and the ends of justice. Occasionally, especially *in cases in* which conflicting statutes apply to the matter before the court, such a position may entail challenging the constitutionality of a statute improperly enacted or unnecessarily inimical to the state.

■ Obviously, the allowance of local challenges to statutes of statewide applicability poses the possibility of uneven, unpredictable justice throughout the various judicial dis-

tricts of the state. Therefore, to avoid potential problems associated with local challenges, we conclude that a district attorney general must notify the state attorney general *before* challenging the constitutionality of a state statute, even in the limited situations approved in this opinion. In addition to notification, we suggest that better practice requires a district attorney general to seek consultation from and discuss with the state's chief legal officer the ramifications of such a challenge, and follow the advice received. *Compare* Tenn.R.Civ.P. 24.04 (notice to the state attorney general is required when the constitutional validity of a state statute is challenged in a civil action); Tenn.Code Ann. § 29–14–107 (1980 & Supp.1988) (notice to the state attorney general is required when the constitutional validity of a general state law is challenged in a declaratory judgment action); Tenn.R.App.P. 32 (notice to the state attorney general is required when the constitutionality of a state law is challenged on appeal).

### MERITS OF STATE'S
### CONSTITUTIONAL
### CHALLENGE

Having concluded that the attorney general and district attorneys general are authorized to challenge the constitutionality of state statutes in certain, limited situations, we now turn to the merits of just such a challenge in this case. As stated previously, the State argued before the trial court that the provisions of Public Chapter 355 conflict irreconcilably with the provisions of the Post–Conviction Procedure Act. Moreover, the State contends that the enactment of the public act violates the caption requirements of Article II, § 17 of the Tennessee Constitution.

■ In this Court, Chastain first argues that any constitutional defect in the caption of Public Chapter 355 was cured by the inclusion of that public chapter in the Tennessee Code in 1992. There is no merit to this argument. The law in Tennessee is well-established that codification of a legislative enactment cures all defects in the caption of the bill. *Harmon v. Angus R. Jessup Associates, Inc.,* 619 S.W.2d 522, 523 (Tenn.

1981). Such defects are cured, however, only from the effective date of the Codification Act forward. *Keaton v. State,* 212 Tenn. 690, 693, 372 S.W.2d 163, 164 (Tenn.1963).

In this case, the State's first challenge to the constitutionality of the public chapter occurred almost five months *prior to* March 3, 1992, the date of the codification by the legislature of Public Chapter 355 of the Acts of 1991. A challenge to the validity of the act based upon the mandatory requirements of Article II, § 17 of the Tennessee Constitution was, therefore, still available to the State and is proper in this case.

■ In its entirety, Article II, § 17 of the Constitution of Tennessee provides:

Bills may originate in either House; but may be amended, altered or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

The stated purpose of the constitutional provision is "to prevent surprise or fraud upon the Legislature, by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted." *Cannon v. Mathes,* 55 Tenn. 504, 521 (1872). Unfortunately, Public Chapter 355 provides a classic example of the need for adherence to such a constitutional mandate. The caption of the bill proposing enactment of the provisions of the public chapter simply states, "An Act to amend Tennessee Code Annotated, Title 55, Chapter 10, Part 4, and Title 53, Chapter 11, relative to the confiscation of motor vehicles of certain offenders."

Without question, the narrow caption of the bill that became Public Chapter 355 failed to comply with the notice requirements of Article II, § 17 of the Constitution of Tennessee. The members of the General Assembly were given no indication by the language of the bill that additional statutes not mentioned in the caption, particularly the statute of limitations provision of the Post–Conviction Procedure Act and the jurisdic-

tional provisions of the Post–Conviction Procedure Act, were being amended without being repealed in their entirety. Section 2 of Public Chapter 355 of the Acts of 1991, as amended, was, therefore, unconstitutional. Consequently, the trial court correctly dismissed Chastain's attempted challenge to the validity of his prior guilty pleas based upon that unconstitutional legislation.

## CONCLUSION

Ordinarily, the state attorney general and the district attorneys general are under an affirmative duty to defend the constitutionality of statutes of statewide application that may be relevant in given criminal prosecutions. When, however, two relevant statutes in a case conflict with each other or one appears to repeal another, and the prosecutor or attorney general determines that one of the statutes is unconstitutional, that official may challenge the constitutionality of the state statute. Before a district attorney general or an assistant district attorney general raises such a challenge, however, notification of the potential constitutional dilemma must be given to the state attorney general, and in addition to notification, better practice requires that the district attorney general consult with the state's chief legal officer and follow the advice received.

In this case, we conclude that the state properly challenged the constitutionality of Section 2 of Public Chapter 355 of the Acts of 1991, as amended. Moreover, we hold that the public chapter contravened the caption provisions of Article II, § 17 of the Constitution of Tennessee by failing to alert the legislature to the fact that the act amended the statute of limitations provisions and the jurisdictional provisions of the Post–Conviction Procedure Act.

As a result, we affirm the judgment of the trial court. Costs of this appeal are taxed against the appellant, Samuel J. Chastain.

REID, C.J., and DROWOTA and O'BRIEN, JJ., concur.

DAUGHTREY, J., not participating.