# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CHARLIE M. GARDNER v. TONY PARKER, WARDEN

### Direct Appeal from the Circuit Court for Davidson County
### No. 97-D-2814    Monte Watkins, Judge

### No. M2005-01924-CCA-R3-HC - Filed January 17, 2006

Petitioner, Charlie M. Gardner, appeals from the trial court's summary dismissal of his petition for writ of habeas corpus. The State has filed a motion for this Court to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Having reviewed the record, we find that the motion has merit and grant same. Accordingly, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Charlie M. Gardner, Tiptonville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

Following a jury trial in the Criminal Court of Davidson County, Petitioner was convicted of first degree premeditated murder. He was sentenced to life without parole and judgment was entered July 23, 1999. In May 2004, Petitioner filed his petition for writ of habeas corpus.

As grounds for relief, Petitioner alleged that the facts of the case did not support a conviction for premeditated first degree murder; that the trial court erred by not charging the jury with the lesser included offense of facilitation of premeditated first degree murder; that the first degree murder statute, Tennessee Code Annotated section 39-13-202, violates the provisions of Article II, section 17 of the Constitution of Tennessee; and that the punishment of life without parole was discriminatorily imposed against him in violation of federal statutes. In his brief on appeal, Petitioner generally frames the issues as follows:

1. Tennessee Code Annotated section 39-13-202, regarding premeditated first degree murder, violates Article II, section 17 of the Constitution of Tennessee because the "body" of the statute is broader than its "title or caption."

2. The trial court did not have jurisdiction to impose the sentence of life without parole without a jury approving the maximum punishment pursuant to a charge in a separate indictment.

3. The trial court's "fact-finding process" in imposing the "enhanced punishment" failed to meet requirements set forth by the United States Supreme Court.

4. The trial court erred by failing to charge the jury with lesser included offenses.

We first note that the judgment is proper on its face. In addition, obviously, the sentence has not expired.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant; or (2) if a petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

The trial court may dismiss a petition for writ of habeas corpus without conducting an evidentiary hearing if the trial court finds, on the face of the petition, that the applicant is not entitled to relief. *State, ex. rel Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964); T.C.A. § 29-21-109 (2000 replc.).

Petitioner's contention that Tennessee Code Annotated section 39-13-202 is unconstitutional because it violates Article II, section 17 of the Tennessee Constitution is without merit. That constitutional provision states in part that "[n]o bill shall become a law which embraces more than one subject, that subject to be expressed in the title." That constitutional provision applies to legislative bills which are introduced for adoption by the General Assembly. It is, however, well settled that codification of legislative enactments cures all defects in the caption of a bill. *State v. Chastain*, 871 S.W.2d 661, 666 (Tenn. 1994).

The remaining issues raised by Petitioner, even if true, would render the judgment voidable and not void. Habeas corpus relief can be granted only when a judgment is void or the sentence has expired. *Archer* at 164.

Accordingly, we conclude that the State's motion for affirmance pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals has merit. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment rendered by the trial court in this case was in a proceeding before the trial judge without a jury, and was not a determination of guilt, and the record does not preponderate against the findings of the trial court. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE